The Honorable Bobby L. Glover State Senator P.O. Box 1 Carlisle, AR 72024
Dear Senator Glover:
You have presented the following question for my opinion:
 Does the City of Benton have the authority to pass an ordinance that specifies that only certain brands of equipment may be used by electricians when installing meter combo panels or installing or replacing meter sockets?
RESPONSE
It is my opinion that unless the ordinance in question can be justified on the grounds of a public need for the specified brands of equipment, it is invalid. The question of whether there is a public need for any particular brand of equipment is, of course, a question of fact that I am not in a position to determine.
The Arkansas Supreme Court addressed a similar ordinance in Upchurch v.Adelsberger, 231 Ark. 682, 332 S.W.2d 242 (1960). That case involved an ordinance of the City of North Little Rock that required that all printed matter, blank books, and stationery used by the city bear the union label of the Allied Printing Trades Council. The Plaintiffs owned a printing company that was not entitled to use the label specified by the ordinance. Only one printing company located in North Little Rock was entitled to use that label. The Arkansas Supreme Court upheld the lower court's holding that the ordinance was void. In explaining the foundation for its decision, the court began by outlining the underlying basis for the general proscription against discriminatory ordinances of that nature, stating:
 On principle it would seem that, as the primary duty of the public officers is to secure the most advantageous contract possible for accomplishing the work under their direction, any regulation which prevents the attainment of this end is invalid. A law demanding competition in the letting of public work is intended to secure unrestricted competition among bidders, and hence, where the effect of an ordinance is to prevent or restrict competition and thus increase the cost of the work, it manifestly violates such law and is void, as are all proceedings had thereunder. It may be further observed that, according to the judicial view so far declared, all such ordinances are void on the constitutional ground of discrimination.
Upchurch v. Adelsberger, 231 Ark. 682, 684, 332 S.W.2d 242, ___ (1960), quoting McQuillin, Municipal Corporations (3d Ed.), 29.48.
In striking down North Little Rock's ordinance, the Upchurch court went on to state:
 The city is free to designate the kind of printing that it desires and to assure itself of good quality by the adoption of appropriate specifications, but it cannot follow a course by which all public contracts are channeled into the hands of favored bidders.
Upchurch, 231 Ark. at 684-85, 332 S.W.2d at ___.
It is my opinion that if a court were faced with the question you have presented, it would likely take the same approach as did the Upchurch
court. That is, it would likely require some showing of a public need for the specification of a particular manufacturer's product. The question of whether such a need exists is, as previously noted, always a question of fact, but if no such public need could be shown, the ordinance would likely be stricken.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MIKE BEEBE Attorney General